UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| K. C. By His Parents and Next Friends, P.C. and K.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:23-cv-00333-MPB-MG ) |
| WABASH RIVER SPECIAL SERVICES COOPERATIVE, SOUTHWEST PARKE COMMUNITY SCHOOL CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Proceed Under a Pseudonym. [Filing No. 13.] Defendants have not responded to this motion to express their position on the matter, and the time for doing so has passed. *See* S.D. Ind. L.R. 10-1(d). Therefore, the motion is now ripe for the Court's consideration.

**I.**
**DISCUSSION**

Plaintiff parents P.C. and K.C. bring this action on behalf of themselves and minor child, K.C., asserting various claims against Southwest Parke Community School Corporation and Wabash River Special Services Cooperative. [*See* Filing No. 1.] In the Complaint, Plaintiffs allege that K.C., an eleven-year-old minor, has been diagnosed with autism, and alleges that he has been subject to continuing and pervasive harassment, assaults, and bullying by students daily. [Filing No. 1 at 1.] Plaintiffs allege that, despite the numerous complaints they lodged, Defendants did nothing to limit or address the bullying and harassment. [Filing No. 1 at 2.] Plaintiffs claim that this harassment and bullying eventually resulted in minor K.C. becoming suicidal. [Filing No. 1 at 2.]

1

## II.
### LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure requires a complaint to include the names of all the parties to the suit. That rule "instantiates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Although there is a strong presumption in favor of open proceedings in which all parties are identified, federal courts also have discretion to allow a plaintiff to proceed anonymously. *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). The presumption that a plaintiffs' identity will be public information can be rebutted, however, by showing that the harm to the plaintiff of proceeding publicly exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

"The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal court." *Blue Cross & Blue Shield United*, 112 F.3d at 872. That is so because "judicial proceedings, civil as well as criminal, are to be conducted in public," and "[i]dentifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts." *Id.* There are narrow exceptions to the presumption of public proceedings that permit the use of fictitious names, such as "to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Id.* This Court has previously used a six-factor test to evaluate whether a plaintiff's interest in proceeding anonymously outweighs the strong public interest in open courts. The factors include:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant

would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. Individual Members of Indiana State Bd. of L. Examiners*, 2009 WL 2448468, at *1 (S.D. Ind. Aug. 8, 2009) (quoting *E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)), *objections overruled,* 2010 WL 106580 (S.D. Ind. Jan. 4, 2010) (internal citation and quotation marks omitted).

### III.
#### DISCUSSION

First, the Court observes the Court's Local Rules which require a litigant seeking to proceed under a pseudonym to "at the time of filing of his or her initial pleading, … file a Notice of intention to seek leave to proceed under pseudonym and disclose the litigant's true name" with the notice being maintained under seal. S.D. Ind. L.R. 10-1(a). The plaintiff is also required to file, "[c]ontemporaneously with the Notice, … a motion to proceed under pseudonym, setting forth the justification under applicable law." S.D. Ind. L.R. 10-1(b). Plaintiff filed a complaint on July 1, 2023 under their initials only, without contemporaneously filing the required sealed notice, nor the required motion. Instead, on August 18, 2023, Plaintiff filed the instant Motion along with the sealed notice. [Filing No. 13 at 1.]

The Court has broad discretion in deciding whether to require strict compliance with a local rule. *See Ammons v. Aramark*, 368 F.3d 809, 817 (7th Cir. 2004); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (discussing whether to apply the local rule strictly or to overlook any transgression is one left to the district court's discretion.); *see also Doe v. Purdue University*, 321 F.R.D. 339, 340 (N.D. Ind. 2017) (noting that Plaintiff failed to serve Defendant with his motion to proceed under pseudonym, but the Court still ruled on the merits). Although Plaintiffs filed this motion one month after their initial pleading, Defendants have not responded to the

motion, or demonstrated that they have been prejudiced by Plaintiffs' lack of compliance with the local rule. Therefore, the Court will excuse the procedural deficiency and decide the motion on the merits by analyzing the non-exhaustive factors articulated in *E.W. v. New York Blood Center* in turn.

    A.    **Plaintiff Child K.C.**

Setting aside the procedural missteps above, Plaintiffs' Motion asks to proceed semi-anonymously, using only his initials, "K.C." [Filing No. 13.] Plaintiffs argue that proceeding under only initials is appropriate here because Plaintiff child K.C. is an alleged victim of harassment, assaults, and bullying and is therefore concerned about "sigma and backlash" as well as "shame, embarrassment, and further psychological damage" should his name be included in this action and made publicly available. [Filing No. 13 at 1-2.] Plaintiffs contends that "public identification of [K.C.'s name] could reveal to the minor's new educational program the abuse he was subjected to, which would pose a high risk of backlash and further mental harm." [Filing No. 13 at 2-3.] Plaintiffs say Defendants will not suffer prejudice if the Court permits Plaintiff child K.C. to proceed under initials. [Filing No. 13 at 3.]

The first factor weighs in favor of anonymity, as Plaintiffs are challenging government activity. Defendant Southwest Parke Community School Corporation is an Indiana public school corporation and Defendant Wabash River Special Services Cooperative is an Indiana educational agency. *See Doe v. Purdue Univ.*, 321 F.R.D. at 339, 341-42; *Doe v. City of Indianapolis*, 2012 WL 639537, at *1.

The second factor considers whether the action requires Plaintiffs to disclose information of the utmost intimacy. Where the issues involve matters of a sensitive and highly personal nature, plaintiffs who are particularly vulnerable, such as children, are permitted to sue anonymously. *Blue Cross & Blue Shield United, 112 F.3d at 872.* The Seventh Circuit has found

that the use of pseudonyms are appropriate to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses. *Id.* Accordingly, Plaintiff child K.C., an eleven-year-old, is entitled to proceed under a pseudonym, because he is a minor and a vulnerable party. As such, the Court finds that the second factor favors Plaintiff child K.C.'s anonymity.

The third factor of illegal activity by Plaintiff child K.C. is not at issue in this case.

The fourth factor also lends support for anonymity. To proceed anonymously, a plaintiff must assert legitimate circumstances under which making his name public could cause him to suffer mental or physical injury due to the personal and sensitive nature of his allegations. *Doe v. Marvel*, No. 1:10-CV-1316-JMS-DML, 2010 WL 5099346, at *2 (S.D. Ind. Dec. 8, 2010) Plaintiffs' allegations that K.C. was the victim of assault, bullying, and harassment at school, coupled with his history of suicide attempts and medical issues demonstrate such circumstances. Accordingly, the fourth factor favors anonymity.

Turning to the fifth factor—prejudice to the defendant—Plaintiffs conclusively state that there is no risk of prejudice to Defendants, [Filing No. 13 at 3.], and Defendants have not opposed Plaintiffs' Motion. The Court finds this factor weighs in favor of Plaintiff child K.C.

The sixth and final factor—open access to proceedings without denying litigants access to the justice system—weighs in favor of Plaintiffs' Motion. Although there is a strong presumption in favor of conducting litigation under the litigants' real names, the Seventh Circuit has recognized an "exception" for children. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *City of Chicago*, 360 F.3d at 669; *see also A.B. ex rel. V.S. v. Meyer*, No. 1:15-CV-157-JD-SLC, 2015 WL 4545872, at *2 (N.D. Ind. July 28, 2015) (recognizing that an important factor in favor of anonymity is whether the Plaintiff is particularly vulnerable to the possible harms of

disclosure, particularly in light of his age.) The actual identities of Plaintiff K.C. is of minimal value to the public. *Doe v. Purdue Univ.*, 321 F.R.D. at 343. Allowing Plaintiff K.C. to remain anonymous will not interfere with the ability of the public to ascertain the status of this case.

Plaintiff child K.C.'s anonymity will not harm the public interest in guaranteeing open access to proceedings, since the record will not be sealed. The courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. While information regarding bullying and harassment may already be publicly known, should the identity of Plaintiff child K.C. be made known, intimate details and inflammatory allegations set forth in the Complaint will be revealed because the Complaint is a public record. Having considered the relevant factors and the parties' arguments, the Court concludes that Plaintiff child K.C. should be permitted to proceed anonymously in this case.

### B.   Plaintiff Parents P.C. and K.C.

The decision to permit Plaintiff child K.C to proceed anonymously does not necessarily mean that Plaintiff parents P.C and K.C. should also be permitted to proceed anonymously. The Seventh Circuit has emphasized that the involvement of children and their parents in a lawsuit is a significant factor in favor of anonymity, particularly because of the inflammatory subject matter of the case and the risk of harm to plaintiff's children if their identities are made known by revealing their parents' names. *Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 722 (7th Cir. 2011), *vacated on other grounds*, 687 F.3d 840 (7th Cir. 2012). Given that Plaintiffs have asserted legitimate circumstances under which Plaintiff child K.C. could suffer mental and physical injury, particularly because of the personal and sensitive nature of the subject matter and the risk of harm that Plaintiff child K.C. could face if his parents' identities are revealed, the Court concludes that the risk of harm to Plaintiff child K.C.'s health and safety, if Plaintiff parents

6

P.C. and K.C. are identified by name, outweighs the public's interest in judicial openness, and thus overcomes the presumption against anonymous litigation.

## IV.
### CONCLUSION

Plaintiff's Motion to Proceed Under a Pseudonym [13] is **GRANTED**. The Court **ORDERS** as follows:

1. Plaintiffs may proceed in this case under the anonymous names of K.C., P.C., and K.C.

2. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted to refer to Plaintiffs by their initials only.

3. Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, or any other recipients of the actual names shall not further disclose Plaintiffs' names to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

4. Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, and all other recipients of the true names shall use the names for purposes of this litigation and for legitimate purposes related to Defendants' operations. They shall not use the actual names or identities of the Plaintiffs for any other purpose.

5. The provisions of this Order shall survive the termination of the litigation.

Date: 9/11/2023

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**